UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE E. ESSENFELD, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM K. MARSHALL III, Director U.S. Bureau of Prisons, et al., <br><br> Defendants. | Case No.: 26-cv-1525-RSH-BLM <br><br> **ORDER DISMISSING PETITION** |

On March 11, 2026, petitioner Theodore E. Essenfeld, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On the same day, Petitioner filed a motion for order to show cause. ECF No. 2.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

*See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

In the instant action, Petitioner challenges the Bureau of Prisons' calculation of his earned time credits under the First Step Act. ECF No. 1-2 at 4. Specifically, Petitioner contends he was entitled to receive earned time credits beginning on the date of his sentencing. *Id*. at 9 ("[E]arned time credits must begin accruing from the date the prisoner begins serving the sentence and participating in qualifying program, which in Petitioner's case was October 25, 2024."). As Petitioner acknowledges, however, he already filed a § 2241 petition raising this identical issue in the District of Arizona. *See Essenfeld v. Dulgov*, No. 4:25-cv-00294-JGZ (D. Ariz. June 13, 2025), ECF No. 1 at 5 ("Petitioner should have received FTCs beginning on the date of sentencing, October 25, 2024."). This petition was dismissed by the district court and is now currently before the U.S. Court of Appeals. No. 4:25-cv-00294-JGZ, ECF Nos. 39, 42, 43.

Because Petitioner has previously filed identical habeas proceeding now pending before the U.S. Court of Appeals—the Court dismisses the instant petition as duplicative. *See Pinson v. Gutierrez*, No. 23-15027, 2023 WL 8714902, at *1 (9th Cir. Dec. 18, 2023) (holding district court did not abuse its discretion in dismissing a § 2241 petition that raised "the same claims" based on "the same factual allegations" as an earlier petition); *Martinez v. Lockyer*, 134 F. App'x 209, 210 (9th Cir. 2005) ("The record demonstrates that the underlying petition and the 2003 [§ 2241] petition share identical issues relating to the same state case and conviction, and has already been adjudicated on the merits and denied. Accordingly, the district court properly dismissed the petition."); *Mikhail v. Warden of Golden State Annex*, No. 1:25-CV-01414 JLT SKO, 2026 WL 165392, at *1 (E.D. Cal. Jan. 21, 2026) ("[T]he instant petition is subject to dismissal because it is identical to a previously filed § 2241 petition[.]"); *Alonge v. United States*, No. 5:25-CV-0892-KK-RAO, 2025 WL 1504446, at *1 (C.D. Cal. May 27, 2025) (dismissing successive § 2241 petition as duplicative).

For the reasons stated above, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 13, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-1525-RSH-BLM